U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JUN 22 PM 3:33

BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TAMARA B.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.

Case No. 5:14-cv-156

## DECISION ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)
(Doc. 27)

Counsel for the Plaintiff in this matter seeks approval of a fee pursuant to 42 U.S.C. § 406(b) for his representation of the Plaintiff in proceedings before this court. He seeks an award in the amount of $10,356.62, which represents 25% of the $61,201 of past-due benefits he recovered for the Plaintiff—that is, $15,300.25—offset by a $4,943.63 fee award already granted to him by this court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Counsel seeks this fee in addition to, and with no offset for, the $6,000 contingency fee approved by the Commissioner pursuant to 42 U.S.C. § 406(a) for Counsel's representation of the Plaintiff in administrative proceedings. For the reasons set forth herein, the court approves a fee award in the amount of $4,356.62, which represents 25% of the gross recovery with offsets for both the EAJA and 406(a) fee awards.

1

## BACKGROUND

Plaintiff applied for benefits on July 13, 2011, and did not initially succeed. The administrative decision denying her benefits became final on June 6, 2014. She sought judicial review of the administrative decision and prevailed, winning a judgment from this court on December 14, 2015 remanding her case for further administrative proceedings. After the court entered judgment in favor of the Plaintiff, the parties stipulated to an EAJA fee award in the amount of $4,943.63 to Plaintiff's counsel, Lon T. McClintock of McClintock Law Office, P.C. of Bennington, Vermont.

On remand, the Plaintiff was awarded $61,201 in past due benefits. The Social Security Administration awarded the Plaintiff's counsel $6,000 in fees pursuant to 42 U.S.C. § 406(a) for his representation of the Plaintiff in administrative proceedings.

The Plaintiff and her counsel agreed to "a fee approved by the Federal Court, not to exceed 25% of [the Plaintiff's] past-due benefits." *See* Doc. 27-2 at 2.

## ANALYSIS

### I. Applicable Law

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In this case, 25% of the gross recovery of past-due benefits is $15,300.25, so that is the maximum fee award permitted by § 406(b). The Plaintiff and her counsel acknowledge that there should be an offset from this figure for the EAJA fee of $4,943.63 already awarded to the Plaintiff's attorney, and that the additional fee awardable under § 406(b) is no greater than $10,356.62. That is the amount the Plaintiff's counsel seeks.

2

The Commissioner argues that this figure should also be subject to an offset for a fee award approved by the Social Security Administration pursuant to 42 U.S.C. § 406(a). Section 406(a) authorizes the Social Security Administration to award an attorney a fee for representation of a claimant in administrative proceedings, and caps that fee at the lesser of 25% of the recovery or $6,000. *See* 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009). In the present case, the Plaintiff's counsel was awarded a § 406(a) fee of $6,000.

If, as the Plaintiff and her counsel contend, a § 406(a) award does not count toward the 25% cap, the Plaintiff's counsel could be entitled to a reasonable award of up to $10,356.62. If, as the government contends, a § 406(a) award does count toward the 25% cap, the $6,000 offset for the § 406(a) award in this case would permit a maximum fee award of $4,356.62.

The question before the court is whether the 25% caps imposed by §§ 406(a) and 406(b) function as an aggregate 25% cap on an attorney's total fee for representing a claimant in both administrative and judicial proceedings, or as separate caps that do not affect each other. There is no controlling Second Circuit precedent on this question, and nationally, there is a long-standing and ever-deepening circuit split on this question. *Compare Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497–98 (4th Cir. 1982) (interpreting the statutes to impose an aggregate 25% cap), *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) (same), *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir. 1985) (same, though arguably in dicta and in a conclusory fashion with no supporting analysis), *and Wood v. Comm'r of Soc. Sec.*, 861 F.3d 1197, 1206 (11th Cir. 2017) (following *Dawson*, the Fifth Circuit case that governed at the time of the creation of the Eleventh Circuit, as the Eleventh Circuit customarily does), *with Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008) (holding that the § 406(b) cap does not limit the aggregate fee awarded under §§ 406(a)

3

and 406(b)), *Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008) (same), *and Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (same).

The authorities that have read the statutory scheme to impose an aggregate 25% cap have generally done so on the basis of a careful analysis of Congressional intent based on legislative history. The Fourth Circuit's decision in *Morris*, 689 F.2d at 497–98, provides a succinct and lucid recapitulation and analysis of the legislative history:

> In 1965, Congress added subsection (b) to section 406, which had up to that time simply referred to the Secretary's authority to prescribe maximum fees. The Senate Report accompanying the 1965 legislation identifies "inordinately large fees," which "result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits," as the impetus for the amendment. S.Rep.No.404, 89th Cong., 1st Sess. —, *reprinted in* [1965] U.S.Code Cong. & Ad.News 1943, 2062. Following the 1965 amendment, therefore, the courts were authorized to allow no more than twenty-five percent of a claimant's accrued benefits as attorney's fees, while the Secretary was authorized to prescribe maximum fees without limitation.
>
> In 1968, Congress added to subsection (a) the provision imposing upon the Secretary the duty to fix a reasonable attorney's fee "[w]henever the Secretary . . . makes a determination favorable to the claimant." The 1968 amendment also included, however, the twenty-five percent limit on the amount certified for payment to the attorney. Thus, after the 1968 amendment, neither the Secretary nor the district court was authorized to approve an attorney's fee in excess of twenty-five percent of the successful claimant's past-due benefits.
>
> That Congress did not want the amount of an attorney's fees to turn on the forum in which a claim was decided is the most reasonable inference to be drawn from the 1965 and 1968 amendments of section 406. We have no reason to believe that the same desire to eliminate "inordinately large fees," which were "frequently one-third to one-half" of a claimant's past-due benefits, that prompted Congress to adopt the 1965 amendment did not also inspire the passage of the parallel 1968 amendment. The obvious intent of Congress was to establish a ceiling for attorney's fees that was independent of the course of the proceedings. To adopt the construction urged by the petitioner in this case would allow an attorney to recover fifty percent of his client's accrued benefits in direct contravention of congressional attempts to foreclose contingent fee arrangements of one-third to one-half.

This court agrees. It would be strange indeed to believe that Congress would in 1965 denounce 50% contingency fees as excessive and enact a statute to stop them, and then, in 1968, pass a law

with the effect of permitting 50% contingency fees. In the court's assessment, the authorities that reason along these lines are the more persuasive ones.

The authorities that have reached the contrary conclusion have generally done so on the basis of a mechanical reading of the statutory language, which is admittedly susceptible to such a reading. There is no explicit statutory text specifying any aggregation relationship between fee awards made under §§ 406(a) and 406(b). Nevertheless, when these provisions are read jointly in the context of each other, the question of whether and how they interact with each other is obvious. *Cf. Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 108 (2d Cir. 2012) ("A particular statute's plain meaning can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute." (internal citation and quotation marks omitted)). Even in the absence of a patent ambiguity in the statutory text, the legislative history helps answer the obvious question that arises when examining the statutory scheme as a whole. The legislative history, as recounted in *Morris*, 689 F.2d at 497–98, demonstrates Congress's intent to impose a firm 25% cap on the total fee collectable by a claimant's attorney. The court will interpret the statute to effectuate rather than frustrate that intent.

Plaintiff's counsel argues that, under the construction he urges, excessive fees would still be adequately checked by the court's authority to review fee awards for reasonableness. But if Congress had believed reasonableness alone to be a sufficient safeguard against excessive fee awards, the statutory language specifying a 25% cap would scarcely have been necessary.

The court concludes that §§ 406(a) and 406(b) limit the total fee for an attorney's representation of a claimant in administrative and judicial proceedings to 25% of the past-due benefits recovered. The $15,300.25 figure that represents 25% of the gross recovery in this case

5

is thus subject not only to an offset for the $4,943.63 EAJA fee, but also to an offset for the $6,000 fee awarded pursuant to § 406(a). The maximum additional fee the court can award at this stage of these proceedings is therefore $4,356.62.[1]

## II. Reasonableness

The court is fully satisfied that the maximum allowable award under the statute is reasonable. Mr. McClintock achieved a favorable result for the Plaintiff, and his capable representation has been of great assistance to the court throughout the course of this case. The court acknowledges the significant risk Mr. McClintock bore in taking on this case, where recovery was uncertain, and agrees that he should be compensated for that risk. The Commissioner does not argue that Mr. McClintock's total fee should be less than $15,300.25 on reasonableness grounds.

According to Mr. McClintock's affidavits, he spent a total of 20 hours and 9 minutes of his own time working on the judicial review phase of this case, and his paralegal spent 1 hour and 9 minutes. Doc. 27-1 at 4–6. The affidavits also indicate that for the administrative phase of this case, Mr. McClintock worked a total of 30 hours and 30 minutes and his paralegal worked a total of 11 hours and 30 minutes. Doc. 34-1 at 2–5. In total, he spent 50 hours and 39 minutes working on this case, and his paralegal spent 12 hours and 39 minutes.

His standard hourly rate is $205, and a reasonable hourly rate for his paralegal's time is $95. Doc. 27-1 at 7, ¶¶ 31–32. Had he charged these rates for his work on this case, his total bill would have been $11,584.75.[2] Instead, he will receive a total of $15,300.25. In the court's

---

[1] Subtracting the required offsets from the 25% cap, $15,300.25 - $4,943.63 - $6,000 = $4,356.62.

[2] As to Mr. McClintock himself, his 50 hours and 39 minutes is 50.65 hours. 50.65 hours × $205 per hour = $10,383. As to his paralegal, her 12 hours and 39 minutes is 12.65 hours. 12.65 hours × $95 per hour = $1,201.75. Summing these figures, $10,383 + $1,201.75 = $11,584.75.

6

assessment, the $3,715.50 more than he would have received at his hourly rate, an effective 32% premium, is adequate compensation for the risk he bore in undertaking representation of the Plaintiff. He will compensated as if his own hourly rate were $270 and his paralegal's hourly rate were $125. This is, in the court's view, reasonable compensation for his able efforts.

## CONCLUSION

The Motion for Award of Attorney's Fees (Doc. 27) is **GRANTED IN PART** and **DENIED IN PART**. It is **ORDERED, ADJUDGED,** and **DECREED** that counsel for the Plaintiff be awarded a fee in the amount of $4,356.62 for representation of the Plaintiff in proceedings before this court pursuant to 42 U.S.C. § 406(b), and that counsel may retain the fees he has already been awarded pursuant to 42 U.S.C. § 406(a) and the Equal Access to Justice Act.

Dated at Rutland, in the District of Vermont, this 22 day of June, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court